# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SENTRY INSURANCE A MUTUAL COMPANY, a Wisconsin corporation,<br><br>                      Plaintiff,<br><br>   v.<br><br>PROVIDE COMMERCE, INC., a Delaware corporation; and DOES 1-100,<br><br>                      Defendants. | Case No. 14-cv-2868-BAS-WVG<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS AND REQUEST FOR STAY** |

## I. INTRODUCTION

On December 4, 2014, Plaintiff Sentry Insurance ("Sentry") filed a Complaint for declaratory relief against Provide Commerce, Inc. ("Provide"). (ECF No. 1.) In the Complaint, Sentry asked the court to find that, under the insurance policies issued by Sentry to Provide, "Sentry has no obligation to defend or indemnify Provide" in a lawsuit filed by Edible Arrangements, LLC in Connecticut state court for trademark infringement. (*Id.*)

On July 16, 2015, this Court dismissed the Complaint without prejudice for failure to allege all the essential elements for diversity jurisdiction. (ECF No. 13.)

The Court gave Sentry 14 days to refile an amended complaint. (*Id.*) On July 31, 2015, Sentry filed its First Amended Complaint ("FAC") (ECF No. 14.)

Provide now moves to dismiss and/or stay action on the FAC. (ECF No. 15.) Sentry has filed a Response to this Motion (ECF No. 16) and Sentry has replied (ECF No. 17.) The Court finds this motion suitable for determination on the papers submitted and without oral argument. *See* Civ. L.R. 7.1(d)(1). For the reasons listed below, the Court **DENIES** Provide's Motion to Dismiss and/or Stay.

## II.   STATEMENT OF FACTS

Edible Arrangements, LLC filed a lawsuit in Connecticut court against Provide alleging Provide infringed its trademarks with the intent of misleading and confusing the public about its association with Edible Arrangements.[1] (FAC ¶30.)

Edible Arrangements filed six causes of action for: (1) trademark infringement, (2) false designation of origin or sponsorship and unfair competition, (3) trademark dilution, (4) common law trademark infringement, (5) unfair competition and deceptive trade practices in violation of the Connecticut unfair trade practices act and (6) violation of the anticybersquatting consumer protection act. (FAC ¶31.)

Provide tendered defense of the lawsuit to Sentry. Sentry accepted the tender subject to a reservation of rights and then filed this declaratory relief action, seeking determination from the court that it has no duty to defend or duty to indemnify Provide in the Edible Arrangements lawsuit. (FAC ¶¶38–40.) Sentry has also filed a second cause of action for equitable reimbursement of costs and fees paid in the Edible Arrangements lawsuit. (FAC ¶¶46–52.)

Specifically, in the FAC, Sentry seeks a court determination that six provisions or exclusions in the insurance policies at issue excuse Sentry from any duty to defend or indemnify. The provisions allegedly indicate Sentry has no duty to defend or indemnify Provide for any personal and advertising injury arising out of:

---

[1] Although the FAC makes reference to a copy of the Edible Arrangements lawsuit attached as Exhibit A, there are no exhibits attached to the FAC.

(1) Exclusion 2(i)—"the infringement of copyright, patent, trademark, trade secret or other intellectual property rights" (FAC ¶10);

(2) Exclusion 2(l)—"the unauthorized use of another's name or product in [Provide's] email address, domain name, or metatag, or any other similar tactics to mislead another's potential customers" (FAC ¶11);

(3) Exclusion 2(a)—"caused by or at the direction or with the consent or acquiescence of [Provide] with the knowledge that the act would violate the rights of another and would inflict personal and advertising injury" (FAC ¶12);

(4) Exclusion 2(b)—"oral or written publication of material, if done by or at the direction of [Provide] with knowledge of falsity" (FAC ¶14);

(5) Exclusion 2(c)—"oral or written publication of material whose first publication took place before the beginning of the policy period" (FAC ¶14);

(6) Provision for Material in Violation of Statute—"an action or inaction or omission that violates or is alleged to violate: (a) the TCPA, (b) the CAN-SPAM Act of 2003, (c) "Any [other] statute, ordinance or regulation . . . that prohibits or limits the sending, transmitting, communicating or distribution of material or information." (FAC ¶15.)

## III. LEGAL STANDARD

"Because standing and ripeness pertain to federal courts' subject matter jurisdiction, they are properly raised in a Rule 12(b)(1) motion to dismiss." *Chandler v. State Farm Mut. Auto Ins. Co.,* 598 F.3d 1115, 1122 (9th Cir. 2010); *see also St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir. 1989) ("[M]otions raising issue of ripeness are treated as brought under Rule 12(b)(1) even if improperly identified by the moving party (or the opposing party) as brought under Rule 12(b)(6).").

A motion to dismiss for lack of subject matter jurisdiction may either attack the allegations of the complaint or may be made as a "speaking motion" attacking the existence of subject matter jurisdiction in fact. *Thornhill Pub. Co., Inc. v. Gen. Tel. & Elec. Corp.,* 594 F.2d 730, 733 (9th Cir. 1979); *see also St. Clair,* 880 F.2d at 201

1  ("Unlike a Rule 12(b)(6) motion, a Rule 12(b)(1) motion can attack the substance of
2  a complaint's jurisdictional allegations despite their formal sufficiency and in doing
3  so rely on affidavits or any other evidence properly before the court.") In a Rule
4  12(b)(1) speaking motion, there is no presumptive truthfulness to Plaintiff's
5  allegations in the Complaint and a Plaintiff has the burden of proof to show
6  jurisdiction does exist so the court can evaluate the existence of subject matter
7  jurisdiction for itself. *Thornhill*, 594 F.2d at 633; *see also St. Clair,* 880 F.3d at 201
8  (If ripeness is attacked with affidavits or other evidence, "[i]t then becomes necessary
9  for the party opposing the motion to present affidavits or any other evidence
10 necessary to satisfy the burden of establishing that the court, in fact, possesses subject
11 matter jurisdiction.") However, a jurisdictional issue intertwined with the merits of
12 the underlying cause of action may need to be deferred for the final decision on the
13 merits. *St. Clair,* 880 F.2d at 202.

14 **IV.   DISCUSSION**

15   Provide argues the FAC should be dismissed because (1) it was filed one-day
16 late; (2) the issue is not yet ripe; and (3) the Doe defendants destroy diversity.
17 Alternatively, Provide argues the case should be stayed until the lawsuit with Edible
18 Arrangements is resolved. The Court addresses each argument below.

19   **A. Missed Deadline For Filing the FAC**

20   This Court dismissed the original Complaint without prejudice and ordered
21 Sentry to file any amended Complaint within 14 days. (ECF No. 13.)  Sentry, instead,
22 filed its FAC within 15 days. (ECF No. 14.)  Provide argues this merits dismissal of
23 the FAC.

24   "Procedure is a means to an end, not an end in itself—the handmaid rather than
25 the mistress of justice." *Ahanchian v. Xenon Pictures, Inc.,* 624 F.3d 1253, 1254-55
26 (9th Cir. 2010) (quoting Charles E. Clark, *History Systems and Functions of*
27 *Pleading,* 11 Va. L. Rev. 517, 542 (1925)). Under the Federal Rules of Civil
28 Procedure, "[w]hen an act . . . must be done within a specified time, the court may,

for good cause extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b). This rule is "to be liberally construed to effectuate the general purpose of seeing that cases are tried on the merits." *Ahanchian*, 624 F.3d at 1258-59. "'Good cause' is a non-rigorous standard that has been construed broadly across procedural and statutory contexts." *Id.* at 1259. "Excusable neglect" should include consideration of equitable factors such as: (1) the length of the delay, (2) the degree of prejudice to opposing party by the delay, (3) the reason for the delay, and (4) whether the movant has acted in good faith. *Id.* at 1262.

In this case, Sentry failed to move for late filing of the FAC, which would have been the better practice. Instead, in its Response, it argues that it is now seeking relief under Rule 60 of the Federal Rules of Civil Procedure, which provides relief from a final judgment. The order granting the Motion to Dismiss and giving Sentry 14 days to file an amended complaint was not a final judgment, order or proceeding. Instead, this Court will construe Sentry's Response as a motion to extend the time in the order pursuant to Rule 6(b).

Sentry explains the email it received from the Court dismissing the Complaint omitted the due date for the amended Complaint, and counsel was unable to access the electronic record at the time. (Declaration of Todd R. Haas, ECF No. 16-1 ("Todd Dec.") ¶¶ 4-6.) When he was able to access the order, the due date was inadvertently calendared based on the date the order was accessed, as opposed to when the order was actually issued. (Todd Dec. ¶6.) The Court finds this meets the non-rigorous "good cause" standard. Furthermore, notably absent from Provide's Motion to Dismiss is any mention of prejudice it will face from this one-day oversight. The Court has considered the proffered reasons for the oversight and finds Provide did not act in bad faith. Therefore, the Court finds Sentry has made a sufficient showing of excusable neglect, and the FAC should not be dismissed on this ground.

**B. Ripeness**

Provide moves to dismiss pursuant to Rule 12(b)(1) arguing that the case is not ripe. First, Provide argues the case is not ripe because it seeks to adjudicate Sentry's duty to indemnify, an event that has not yet occurred. Second, Provide argues the second cause of action for equitable reimbursement should be dismissed, both because Sentry has not paid any amounts and because it is not clear how much Sentry might pay in the future.

"The central concern of the ripeness inquiry is whether the case involves uncertain or contingent events that may not occur as anticipated or indeed may not occur at all." *Chandler v. State Farm,* 598 F.3d at 1122-23. The duty to defend arises when there is a potential for indemnity and may exist even when coverage is in doubt and ultimately does not develop. *Armstrong World Indus. v. Aetna Casualty & Surety Co.,* 45 Cal.App.4th 1, 107 (1996). The duty to indemnify, on the other hand, arises when underlying liability is established. *Id.* Thus, in a declaratory relief action held before the insured's liability has been established, the trial court may not determine the amount of the insured's indemnity; instead, "it must limit its declaration to whether the claim is covered by the policy." *Id.* at 108.

In order to be entitled to equitable reimbursement of defense costs, as requested in Count Two, the insurer must prove: (1) the insurer immediately defended the suit against the insured in its entirety; (2) the insurer paid attorney fees and expenses to defend claims not even potentially covered; and (3) the insurer expressly reserved its right to seek reimbursement for fees and expenses paid to defendant claims not even potentially covered. *Buss v. Superior Court,* 16 Cal.4th 35, 47-50 (1997).

Turning first to the declaratory relief action for indemnification, the Court agrees that the issue of how much is owed is not ripe for adjudication. However, to the extent Sentry is asking whether the claim is covered by the policy, and whether Sentry has a duty to defend under the policy, the case is ripe and in need of adjudication.

With respect to the cause of action for equitable reimbursement, Provide would

in essence have this Court find on a Motion to Dismiss that Sentry cannot prove the elements of the cause of action alleged. Provide attaches a Declaration from Paul A. Hilding detailing invoices that have been sent to Sentry and are, as of yet, unpaid. (ECF No. 15-2.)  Thus, argues Provide, Sentry cannot prove the first two elements of immediately defending the suit in its entirety and paying fees and expenses not even potentially covered. This issue is so intertwined with the merits of the underlying cause of action that it will need to be deferred for a trial on the merits.

### C. Doe Defendants and Diversity

"Federal courts being courts of limited jurisdiction, the presumption is that it is without jurisdiction unless the contrary affirmatively appears." *Fifty Assoc. v. Prudential Ins. Co. of Am.,* 446 F.2d 1187, 1190 (9th Cir. 1970). Inclusion of Doe defendants destroys the existence of diversity jurisdiction because the court cannot determine the citizenship of any of these Doe defendants. *Garter-Bare Co. v. Munsingwear, Inc.,* 650 F.2d 975, 981 (9th Cir. 1980).

Sentry alleges 100 Doe defendants who have an interest in Sentry's insurance policies, "the exact nature of which is unknown to Sentry." (FAC ¶3.) Sentry also alleges these Doe defendants are necessary parties under Rules 19 (required joinder) and 20 (permissive joinder) of the Federal Rules of Civil Procedure. (FAC ¶4.) Recognizing this may destroy the allegations of diversity jurisdiction, Sentry now asks this Court to strike all references to the fictitious defendants and to allow the case to proceed between Sentry and Provide. Provide responds that Sentry claims these parties are necessary parties and, therefore, should not be dismissed.

The Doe defendants are fictitious defendants "the exact nature of which is unknown to Sentry." Neither Sentry nor Provide makes reference to any specific interests or parties, and, therefore, the allegation that these parties are necessary is frivolous. *See Shermoen v. United States*, 982 F.2d 1312, 1317 (9th Cir. 1992) (the district court is not "required to find a party necessary based on patently frivolous claims made by that party.") Although the court could dismiss this complaint once

again for lack of diversity jurisdiction and allow Sentry to amend the complaint, no purpose is served by this delay. The Court grants Sentry's request to strike all references to the fictitious defendants. Once the Doe defendants are stricken, the allegations of diversity jurisdiction are sufficient.

### D. Provide's Request to Stay

Although initially the determination of a duty to defend is made by comparing the allegations in the complaint with the terms of the policy, "facts extrinsic to the complaint [can] also give rise to a duty to defend when they reveal a possibility that the claim may be covered by the policy." *Montrose Chem. Corp. v. Superior Court*, 6 Cal.4th 287, 295 (1993) (*"Montrose I"*). A stay of a declaratory relief action until the third party suit is resolved may, therefore, be necessary if coverage turns on extrinsic facts to be litigated in the third party suit. *Id*. at 301. The classic example of this stay requirement is when a third party sues for negligence and the insurance company seeks to argue the third party was harmed by an intentional act of its insured. *Id.*

"By contrast, when the coverage question is logically unrelated to the issues of consequence in the underlying case, the declarative relief action may properly proceed to judgment." *Id.; see also Great Am. Ins. Co. v. Superior Court*, 178 Cal. App.4th 221, 235-36 (2009) ("If the factual issues to be resolved in the declaratory relief action overlap . . . the trial court *must* stay the declaratory relief action. . . . If, [however], there is no such factual overlap and the declaratory relief action can be resolved on legal issues or factual issues unrelated to the issues in the underlying action, the question as to whether to stay the declaratory relief action is a matter entrusted to the trial court's discretion.") (emphasis original). The Court must look at: (1) what issues are outstanding in the lawsuit, (2) which defenses to coverage are being raised, and what facts need to be determined to reach these defenses, and (3) any other potential prejudice to proceeding. *Montrose Chem. Corp. v Superior Court,* 25 Cal.App.4th 902, 908 (1994) (*"Montrose II"*).

There are no easy answers in these kinds of cases. *See Montrose II*, 25 Cal.App.4th at 909. The prejudice from allowing a case to proceed could include the concern that: (1) the insurance company might join forces with the plaintiffs in the third party suit to defeat coverage, (2) the insured may be required to conduct a two-front war both against the plaintiff in the underlying lawsuit and its insurance company, and (3) the resolution of the coverage question could create collateral estoppel or an inconsistent ruling in the underlying lawsuit. *Id.* at 910. However, the Court must consider prejudice both to the insured as well as the insurance company. *Id.; see also Great Am. Ins. Co.* at 236-37 ("the court must also consider possible prejudice to the insurer that may be caused by staying the declaratory relief action. . . . If the insurer is correct and, in fact, it has no further duty to defend, it may nevertheless be required to keep paying defense costs indefinitely while the declaratory relief action is stayed.") "For this reason, the trial court should not hesitate to fashion orders which attempt to balance these conflicting concerns. For example, the possibility of severance should be explored." *Montrose II*, 25 Cal.App.4th at 908.

Provide requests that this case be stayed until the Edible Arrangements litigation is completed. The Court agrees with Sentry that the request is premature. Sentry does not object to a stay of the issue of duty to indemnify and instead asks that it be allowed to file a motion for summary judgment on the application of two of the exclusions in the policies to its duty to defend. Specifically, Sentry seeks to move forward on what it claims is a purely legal question as to whether the IP Exclusion or the Use of Another's Name Exclusion bar coverage in the underlying case. (Response at 18.)

At this point, it does not appear that the specific question being raised by such a summary judgment motion will overlap with the issues in the underlying litigation. At the motion for summary judgment on the duty to defend, the issue before the court will be whether there is any potential for coverage under the policies. *See Armstrong*, 45 Cal.App.4th at 107. Sentry will have the burden of proving that the two exclusions

are applicable. *Atl. Mut. Ins. Co. v. J. Lamb, Inc.,* 100 Cal.App.4th 1017, 1034 (2002). Provide, as it does in its Reply to this motion, will argue there is a potential for coverage because the exclusions only apply to actual infringement and actual unauthorized use of name or product. Therefore, argues Provide, there is a potential for coverage because there could be a finding in the Edible Arrangements case that there was no actual infringement and no actual unauthorized use. This argument is a purely legal argument interpreting the provisions of the policies and can be resolved by this Court without reference to the underlying lawsuit. Furthermore, the concerns of Provide engaging in a two-front war are minimized by allowing a motion for summary judgment with this narrow a scope to proceed.

At this time, the Court declines to issue a stay. However, the denial is without prejudice. If, once Provide files its summary judgment motion, Sentry believes response or the Court's ruling would somehow prejudice it in the underlying lawsuit, it may renew the request for a stay at that time. It may well be that the case will be stayed at some point in the future if the motion for summary judgment on the limited grounds requested by Sentry is denied.

## V. CONCLUSION

For the foregoing reasons, Provide's Motion to Dismiss (ECF No. 15) is **DENIED.** Furthermore, its Request to Stay is **DENIED WITHOUT PREJUDICE**. At the request of Sentry, all references to the Doe Defendants are **STRICKEN.**

**IT IS SO ORDERED.**

**DATED: March 30, 2016**

Hon. Cynthia Bashant
United States District Judge